**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

J&J CELCOM; LUPE AZEVEDO;
WOODROW W. HOLMES, JR.;
LUCILLE HOSS; DANIEL MURRAY;
RAJIVE OBEROI; KENNETH L.
RAMSEY; GARY R. ROBBINS; JOANNE
ROBBINS; S&D PARTNERSHIP; CELL-
CAL IX-T9; NANCY DONNELLY;
RODGER D. FRIZ; SID DANNY HOFF;
OM PARKASH KALRA; RONALD
WILSON; DELCHI CORPORATION,
    *Plaintiffs-Appellants,*

v.

AT&T WIRELESS SERVICES, INC.;
McCAW CELLULAR INTERESTS INC.;
AT&T WIRELESS SERVICES OF
COLORADO LLC; AT&T WIRELESS
SERVICES OF IDAHO INC.; AT&T
WIRELESS SERVICES OF WASHINGTON
LLC; BOISE CITY CELLULAR
PARTNERSHIP, formerly known as
New Boise City Cellular
Partnership; FORT COLLINS-
LOVELAND CELLULAR TELEPHONE
CO., formerly known as New Fort
Collins-Loveland Cellular
Telephone Company; GREELEY
CELLULAR CO., formerly known as
New Greeley Cellular Company;

No. 05-35567

D.C. No.
CV-03-02629-MJP

OPINION

15123

YAKIMA CELLULAR TELEPHONE
COMPANY, formerly known as New
Yakima Cellular Telephone
Company; MCCAW
COMMUNICATIONS OF WHEELING,
INC.; MCCAW COMMUNICATIONS OF
TEXARKANA, INC.; AT&T WIRELESS
SERVICES OF CALIFORNIA,
              *Defendants-Appellees.*

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted
November 14, 2006—Seattle, Washington

Filed November 21, 2007

Before: Pamela Ann Rymer, Marsha S. Berzon, and
Richard C. Tallman, Circuit Judges.

Opinion by Judge Tallman

**COUNSEL**

John Oitzinger, Helena, Montana, Thomas W. Hayton, Cutler Nylander & Hayton, Seattle, Washington, for the plaintiffs-appellants.

Brendan T. Mangan, Heller Ehrman LLP, Seattle, Washington, for the defendants-appellees.

## OPINION

TALLMAN, Circuit Judge:

On March 26, 2003, plaintiff J&J Celcom along with other former owners of minority interests in nine general partnerships involving cellular telephone businesses filed a diversity suit in the United States District Court for the Western District of Washington alleging that the defendants, AT&T Wireless, Inc. (AWS) and nine of its wholly-owned subsidiaries, violated Washington State law when AWS sold its controlling interests in those partnerships to affiliated entities. The plaintiffs asserted claims of breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duties, misrepresentation, tortious interference, and unjust enrichment. The defendants moved for summary judgment, and the plaintiffs cross-moved for partial summary judgment as to liability. The district court granted summary judgment in the defendants' favor, and denied the plaintiffs' motion. This appeal followed.

In a December 26, 2006, memorandum disposition, we affirmed the district court's rulings on all issues save for one. We certified a state law question, framed as follows, to the Washington Supreme Court in a separate order:

> Does a controlling partner violate the duty of loyalty to the partnership or to dissenting minority partners where the controlling partner causes the partnership to sell all its assets to an affiliated party at a price determined by a third-party appraisal, when the appraisal and the parties to the transaction are disclosed and the partnership agreement allows for sale of assets upon majority or supermajority vote, but the partnership agreement is silent on the subject of sale to a related party?

*J&J Celcom v. AT&T Wireless Services, Inc.*, 481 F.3d 1138, 1143 (9th Cir. 2007).

At the time of the order, "[n]o Washington court ha[d] had occasion to harmonize state case law concerning the fiduciary duty of loyalty with the Revised Uniform Partnership Act." *Id.* at 1142 (citing Wash. Rev. Code §§ 25.05.005-.907). We noted that "[w]hether a trial on the minority owners' fiduciary duty of loyalty claim is necessary depends entirely upon the answer provided by the Supreme Court of Washington to our certified question." *J&J Celcom*, 481 F.3d at 1142.

**[1]** On October 25, 2007, the Washington Supreme Court answered the certified question in the negative, finding that a controlling partner does not violate the duty of loyalty where the controlling partner causes the partnership to sell its assets to an affiliated party. *J&J Celcom v. AT&T Wireless Servs, Inc.* ___ P.3d ___, 2007 WL 3105742 (Wash. Oct. 25, 2007). The partnership agreements at issue are dependent upon Washington law for the question before us. This answer, therefore, disposes of the last remaining issue between the parties in favor of the defendants.

**AFFIRMED.**